CLERK'S OFFICE U.S. [...]
AT ROANOKE
FILED
APR 10 2018
JULIA C. DUDLEY,
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DIRECTV, LLC, | |
| Plaintiff, | Civil Action No. 5:17-mc-00004 |
| v. | |
| RANDY COLEY, et al. | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |
| Defendants. | |

## Memorandum Opinion

This matter comes before the court on petitioner Kimberli Coley's Motion to Reconsider March 29, 2018 Order (the "Motion to Reconsider" or "Mot. Reconsid."), ECF No. 18. The court's March 29, 2018 Order (the "Order") sustained respondent DIRECTV LLC's ("DIRECTV") Objections to Magistrate Judge's January 3, 2018 Order Granting Kimberly Coley's Motion to Quash (the "Objections"), ECF No. 15, and denied in substantial part Coley's Motion to Quash, ECF No. 1.[1] As the court finds the Motion to Reconsider legally baseless, it will be **DENIED**.

Coley fails to articulate the legal standard under which her Motion to Reconsider should be adjudicated or "otherwise mention (much less analyze) the procedural propensity of [her] motion." Wooten v. Virginia, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). The court will assume that Coley has filed her motion under Federal Rule of Civil Procedure 54(b). See McAfee v. Boczar, No. 3:11cv646, 2012 WL 2505263, at *2 (E.D. Va. June 28, 2012)

---

[1] The court granted the Motion to Quash only as to Paragraph 14 of the Subpoena.

(analyzing a reconsideration motion related to a motion to quash under Rule 54(b)). Courts in this circuit have interpreted Rule 54(b) to require the party seeking reconsideration to show: "(1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." Wooten, 168 F. Supp. 3d at 893. Importantly, reconsideration is not available where a party is simply dissatisfied with the court's ruling and seeks a second bite at the apple. See id.

Coley only complains that the court made a clear error of law by conflating the Fourth Circuit's opinion in Sky Cable, LLC v. DIRECTV, Inc., --- F.3d ----, 2018 WL 1514413 (4th Cir. Mar. 28, 2018), which affirmed this court in its entirety, with the Fourth Circuit's forthcoming mandate, which transfers jurisdiction back to this court, 4th Cir. R. 41. See Mot. Reconsid. ¶ 4.

Coley is wrong. The court is cognizant that it generally lacks jurisdiction to amend the judgment while it is still under appeal before the Fourth Circuit, which is why the court did not lift its stay of the Order Implementing Appointment of Receiver, Sky Cable, LLC v. Coley, 5:11-cv-48 (W.D. Va. Aug. 12, 2016), ECF No. 309. Instead of any purported misconception or misapplication of the law, the court based the Order on Springs v. Ally Financial Inc., which provides that the court "does retain jurisdiction to enforce the judgment" during an appeal. 657 F. App'x 148, 151 (4th Cir. 2016) (quoting City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007)). The Subpoena merely seeks to enforce the underlying judgment, which the court unequivocally retains jurisdiction to do. See id.

For the first time, Coley argues that <u>Springs</u> is inapplicable. <u>See</u> Mot. Reconsid. ¶ 12. But DIRECTV's Objections cited <u>Springs</u> for the same proposition the court adopted in its Order, <u>see</u> Objections 6, and Coley's sixteen-page Response to DIRECTV's Objections to Magistrate Judge's January 3, 2018 Order, ECF No. 16, failed to mention <u>Springs</u>. Coley now wants "the chance to craft new or improved legal positions," but the time to articulate her legal positions has long passed. <u>Wooten</u>, 168 F. Supp. 3d at 893.

Accordingly, Coley's Motion for Reconsideration will be **DENIED**.

It is **SO ORDERED**.

Entered: 04-09-2018

/s/ *Michael F. Urbanski*
Michael F. Urbanski
Chief United States District Judge